**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**QUALITY INTERNATIONAL SALES, INC,**

**Plaintiff,**

**v.**

**MAGNETRON, S.A.,**

**Defendant.**

Civil No. 13-1783 (GAG)

**OPINION AND ORDER**

Pursuant to 28 U.S.C. § 1332, Quality International Sales ("Plaintiff") sued Magnetron, S.A. ("Defendant") for violations of Puerto Rico Law 21 of 1990, P.R. LAWS. ANN. tit. 10, §§ 279-279h; breach of contract; unjust enrichment, and, in the alternative; *culpa in contrahendo*. (See generally Docket No. 1.) Defendant moved to dismiss for failure to plead the requisite jurisdictional amount ($75,000) in good faith. (See Docket Nos. 7 & 11.) For the following reasons, the court **DENIES** Defendant's motion to dismiss at Docket No. 11.

## I. Factual and Procedural Background

Plaintiff is a Puerto Rico corporation specializing in domestic distribution and sales of electrical parts and equipment manufactured by its clients. (Docket No. 1 at 1.) Defendant is a Colombia-based corporation that manufactures electrical transformers and related components. (Id.) Plaintiff seeks review of the controversy between the parties pursuant to 28 U.S.C. § 1332(a) and asserts that the amount in controversy exceeds $75,000. (Id. at 2.)

In 2006, Plaintiff's president ("Zayas") conversed with Defendant's representatives with the objective of appointing Plaintiff as Defendant's exclusive sales representative in Puerto Rico for the sale of electrical transformers to the Puerto Rico Electrical Power Authority ("PREPA"). (See Docket No. 1 at 2.) Until that point, Defendant lacked any presence in Puerto Rico. (Id.) Defendant agreed that Plaintiff should negotiate the purchase of Defendant's electrical transformers directly with PREPA, including "handling all pre-requisites required by PREPA." (Id. at 2-3.)

The sales representative agreement required Plaintiff to perform all negotiations in the sales process with PREPA on a contingent basis, meaning that Plaintiff was only compensated by Defendant after closing a sale. (Id. at 3.) Plaintiff negotiated with PREPA as Defendant's exclusive sales representative from 2006 to 2010. (Id.) During that time, Plaintiff's representatives attended several meetings with PREPA and its executives, traveled to Colombia to oversee the prototype creation process, and liaised between PREPA and Defendant during Defendant's visits to Puerto Rico. (Id.) During these visits, Defendant represented to PREPA that Plaintiff was its exclusive sales representative. (Id.)

PREPA, by contract stating that Plaintiff was Defendant's exclusive sales representative, authorized the purchase of Defendant's electrical transformers in April 2010. (Docket No. 1 at 3.) In November 2010, PREPA contacted Plaintiff to make the first purchase order, which Plaintiff forwarded to Defendant on November 11, 2010. (Id. at 4.) Immediately thereafter, however, Defendant unilaterally and unexpectedly attempted to change its agreement with Plaintiff, requiring from Plaintiff a personal warranty as a condition precedent for accepting the purchase order. (Id.) Consequently, Plaintiff purchased a bond from United Surety and Indemnity Company ("USIC") on December 29, 2010 to cover any default. (Id.) While

awaiting Defendant's answer, Plaintiff continued exploring business development for Defendant, including reaching negotiations with a Puerto Rico company referred to as AKM. (Id.)

On January 20, 2011, Defendant rejected the bond, claiming it did not understand the bond's terms and conditions. (Id.) Plaintiff attempted to explain how the bond was more reliable than a personal warranty, but Defendant rejected the explanation and refused to inform Plaintiff of the type of personal warranty it required to accept the purchase order. (See Docket No. 1 at 4-5.) The parties continued their relationship despite this hiccup. (Id. at 5.)

In June 2012, Defendant's representative visited Puerto Rico to inform Plaintiff it was terminating the sales representative agreement without just cause and that it had reached a representation agreement with another vendor in Puerto Rico. (Id.) Defendant offered Plaintiff $5,000, which Plaintiff declined. (Id.) Defendant has subsequently closed several electrical transformer sales with PREPA and other Puerto Rico companies and distributors, including Warren del Caribe. (Id.) Plaintiff has received no compensation for the sale of Defendant's products in Puerto Rico or for the services it rendered from 2006 to 2012. (Id.)

Plaintiff sues Defendant for violations of Law 21, breach of contract, unjust enrichment, and *culpa in contrahendo*. Plaintiff seeks damages for violations of Law 21, which it approximates at $500,000, or, in the alternative, five percent of all of Defendant's sales in Puerto Rico, which it approximates at $1,000,000. (Docket No. 1 at 7-8.) The claims for breach and unjust enrichment arise from the termination of the agreement and failure to compensate Plaintiff after four years of working on Defendant's behalf. (Id. at 8.) Plaintiff seeks $500,000 for those claims. (Id.) Lastly, Plaintiff, in the alternative, seeks $500,000 for *culpa in contrahendo*. In sum, Plaintiff requests somewhere between $500,000 and $1.5 million.

Defendant moved to dismiss and the court denied the motion without prejudice to afford Plaintiff the opportunity to submit affidavits or an amended complaint to allege with particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount. (See Docket Nos. 7 & 8.) Plaintiff declined to take the court up on its offer and Defendant resubmitted the motion to dismiss at Docket No. 11. Plaintiff opposed at Docket No. 17.

## II. Discussion

"The federal plaintiff carries the burden to establish that the minimum amount in controversy has been met." Abdel-Aleem v. OPK Biotech, LLC, 665 F.3d 38, 41 (1st Cir. 2012).

> The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. Good faith is measured objectively; [t]he question is whether to anyone familiar with the applicable law this claim could objectively have been viewed as worth more than the jurisdictional minimum. A plaintiff's general allegation of damages that meet the amount requirement suffices unless questioned by the opposing party or the court. However, once the opposing party has questioned the amount, the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount. This burden may be met by amending pleadings or submitting affidavits.

Id. at 41-42 (internal citations omitted) (internal quotations omitted).

Plaintiff pleads the requisite amount in controversy. Defendant contests whether it did so in good faith and bases the accusation on several grounds: 1) the contract between Plaintiff and Defendant was never formalized; 2) Plaintiff failed to create a market or make a sale for Defendant; 3) the parties' arrangement was structured so that Plaintiff would purchase Defendant's product and then resell it; 4) the purchase order for the initial electrical transformer was only for $38,280.00 and, under no circumstances, could satisfy the amount in controversy;

5) Plaintiff failed to inform Defendant of the appropriate method of payment for the purchase order, and; 6) Plaintiff is foreclosed under Law 21 from obtaining the requisite amount in controversy. (See generally Docket No. 7.) Plaintiff bears the burden now to specify how the amount in controversy exceeds $75,000. See Abdel-Aleem, 665 F.3d at 41-42.

Although the burden lies with Plaintiff, noticeably absent from Defendant's argument is a discussion of the allegations of breach and unjust enrichment. Plaintiff specifically accuses Defendant of terminating a contract without just cause, obtaining alternative representation, and profiting off of the unjust termination and subsequent representation through sales to PREPA and other Puerto Rico entities. Plaintiff cannot be expected to know the precise amount Defendant has gained as a result of an ostensible breach. Even assuming that Defendant prevails on each point of contention enumerated above, it has still neglected to address the breach and unjust enrichment claims, for which Plaintiff requests $500,000. This alone is sufficient to satisfy the amount in controversy because the facts Plaintiff alleges with particularity are that it completed an electrical transformer sale with PREPA and Defendant declined to consummate it, Defendant unjustly terminated its contract with Plaintiff, Defendant retained Diego O'Campo to replace Plaintiff in Puerto Rico, and Defendant has closed several electrical transformer sales with PREPA and other companies, including Warren del Caribe, claiming $500,000 for these harms. (See Docket No. 1 at 5-6.) Plaintiff has satisfied its burden.

It is not legally certain that the commission off the sale of "several" electrical transformers in Puerto Rico and the consequent damages from a breach of contract and unjust enrichment could not eclipse $75,000. (See Docket No. 7-1 (discussing price of electrical transformer).)

Lastly, the court notes two points. First, this motion is **DENIED without prejudice** and the court orders both parties to resubmit this motion if it becomes clearer that, as the litigation proceeds, the amount in controversy cannot be reached as a legal certainty. Second, the court references, in relevant part, 28 U.S.C. § 1332(b):

> [W]here the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $75,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.

28 U.S.C. § 1332(b). Plaintiff is on notice that Defendant has challenged whether the amount in controversy can reach the requisite amount. Should Plaintiff prevail and should Section 1332(b) enter the realm of possibility, the court will consider motions that seek to invoke it, as well as any motions for other costs and fees.

## III. Conclusion

For the reasons discussed above, the court **DENIES without prejudice** Defendant's motion to dismiss at Docket No. 11.

SO ORDERED.

In San Juan, Puerto Rico this 7th day of February, 2014.

/S/ Gustavo A. Gelpí
GUSTAVO A. GELPI
United States District Judge